### JOHN S. OGDEN v. ROBERT ROBERTSON.

Commissions for the examination of witnesses, must be applied for, executed and returned, before the trial of the cause.

It is error in a court, to violate or disregard their own established and settled rules of practice; while in force, they are the law of the court, and as such, a part of the law of the land.

This was a writ of error directed to the Common Pleas of Sussex. The argument was heard and the opinion of the court delivered, at a special term of this court, held at Newark, in the county of Essex, in the month of June 1835.

*J. W. Miller* and *Scudder*, for plaintiff.

*Haines*, for defendant.

HORNBLOWER, C. J. This was an action on the case, for words spoken. On the trial of the cause, and after the plaintiff had rested his evidence, the court, on the application of the defendant, and without any previous notice thereof to the plaintiff, granted a rule for a commission to examine an absent witness who was alleged to be sick and unable to attend—a commission was accordingly issued, the interrogatories drawn up and settled by the court; the witness examined, and his depositions read in evidence on trial.

This proceeding is assigned for error, by the plaintiff in this court, who was also plaintiff in the action below.

By the 23d *Section* of the settled rules of practice of that court, it is provided, that before a commission shall issue, the party intending to move for it, shall give at least ten days notice of the motion; and at the same time, deliver to the adverse party, the name of the witness to be examined, and a copy of the interrogatories, or a concise statement of the matter proposed to be examined—so that the adverse party may also have time to prepare interrogatories, if he chooses to join in the commission; and in that case, he is required to deliver a copy of his interrogatories, to the applicant, at least two days before the time appointed for making the application.

Instead of this, the court utterly disregarded their own salutary rule of practice—arrested the progress of the cause, and in the midst of a trial, issued a commission; settled the inter-

rogatories ; caused the witness to be examined, and suffered the deposition to be read on the defence.

It at first occurred to me, that this unusual departure from the ordinary and proper course of practice, might be justified by the sudden indisposition of the witness, under the maxim of law, that the visitation of Providence, works no injury. But upon reflection, I am satisfied, that if this proceeding can be sustained, it must be upon other grounds. The witness was either sick before the trial commenced, or he was not. If the former was the case, the party was bound to know it ; and it would have been a good ground for postponing the cause. If he was then well and in attendance, but became suddenly indisposed, after the trial had commenced, it would have constituted a very solid foundation for an application for a new trial ; which would no doubt have been granted, especially if the court had been satisfied of the materiality of the evidence. 1 *Salk.* 645, *case* 7, *Warren* v. *Farr*, 6 *Mod.* 22 ; *Sherrerd* v. *Olden and al.* 1 *Halst. R.* 344 : *Mercer* v. *Sayre*, 7 *Johns. R.* 306. But it is insisted by the counsel for the defendant in error, that the statute *Rev. L.* 437, authorizing commissions, prescribes no rule in relation to this matter, but leaves it to be regulated by the discretion and practice of the courts ; and that upon such matters, error cannot be assigned.

But the statute manifestly contemplated a proceeding, prior to the commencement of the trial. The 3d *Section* gives the parties a right to take out office copies of the depositions, after the commission has been returned and deposited in the Clerk's office—and the 4th *Section* enacts, that if the commission be not returned within such reasonable time as the court may allow, *then* the court may proceed in the action, as if no commission had been awarded. The rules of this court, and of the court of Chancery of this State, and so far as I have examined the rules of practice in other States, having similar statutes in force, are framed upon the idea, that commissions for the examination of witnesses, are to be applied for, executed and returned, before the trial of the cause. 1 *Caines' R.* 73, *Id.* 4, *Id.* 503 ; 2 *Johns. Cas.* 69, *Id.* 70 ; 5 *Halst. R.* 62, *Id.* 142 ; *Jackson* v. *Hobby*, 20 *Johns. R.* 337. In *Hendricks* v. *Craig*,

2 *South. R.* 567, Chief Justice KIRKPATRICK, in delivering the opinion of the court, said, " as the power of granting commissions is a mere power created by statute, it must be pursued strictly ; *and in such way*, certainly, as that both parties may have all the advantages under it, which the legislature intended to give." Now it is clear, that those advantages would not have been enjoyed in this case—the necessary time was not afforded to the adverse party, to digest and prepare his cross interrogatories.

The printed rule of the court below, in relation to commissions, is a correct exposition of the meaning of the statute in this particular ; and if it was not error in them, to depart from their own rules of practice, it was a serious and fatal error, to depart so widely from the plain and obvious meaning of a statute. Besides, if the depositions were not taken in conformity to the spirit of the statute, they ought not to have been received in evidence. By doing so, the court committed an error.

But I am not prepared to say, that it is not error in a court, to violate or disregard their own established and settled rules of practice. They may modify and rescind them : But while in force, *they* are the *law of the court*, and as such, a part of the law of the land. 2 *Str.* 755 ; *Vagoe* v. *Gale*, 1 *Wils.* 162 ; *Lane's case*, 2 *Co.* 17 ; *Slade's cas.* 4 *Co.* 93 *b.* ; 2 *Mod. Cha. Pr.* 444, 5 *Rev. L.* 426, *sect.* 101.

Nor, in my opinion, did the plaintiff, by joining in the commission, waive this objection. If a court admits an incompetent witness, the adverse party does not legalise his evidence, by a cross examination. His putting in cross interrogatories, was nothing more.

I am strongly inclined to think, the evidence itself was illegal; but it is unnecessary to discuss that point, as the judgment must be reversed for the reasons assigned.

FORD, J. concurred.

RYERSON, J. absent.

*Judgment reversed.*